# Morgan Lewis

**Stephanie Schuster**
Partner
+1.202.373.6595
stephanie.schuster@morganlewis.com

July 30, 2021

<u>**Via ECF**</u>

The Honorable John G. Koeltl, U.S.D.J.
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**    ***Sanchez v. River Financial Inc.*, No. 1:21-cv-04719-JGK (S.D.N.Y.)**

Dear Judge Koeltl:

     This firm represents Defendant River Financial Inc. ("River") in the referenced matter. Pursuant to Rule II.B of the Court's Individual Practices, we write to outline the bases for River's anticipated motion to dismiss and request a pre-motion conference. For the reasons summarized below, which will be explained in detail in our motion papers, this action should be dismissed for lack of personal jurisdiction and subject-matter jurisdiction.

     In addition, in light of River's anticipated motion, we respectfully request that the initial conference, currently scheduled for August 4, 2021, be continued to a date after River's motion to dismiss is resolved.

<u>**Background**</u>

     Plaintiff is a New York resident who is blind. Compl. ¶ 11. He claims River has violated Title III of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law because certain features of River's website, www.river.com, allegedly are not accessible to screen-reader users. *Id.* ¶ 23. According to Plaintiff, "[i]f the Website was equally accessible to all, Plaintiff could independently navigate the Website and complete a desired transaction as signed individuals do." *Id.* ¶ 34.

     River Financial, a Delaware corporation with its principal place of business in California, is a Bitcoin-only financial institution through which eligible and registered clients buy, sell, and use Bitcoin. With its motion, River will demonstrate that it is not authorized to do, does not do, and never has done business with New York residents. *See Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (courts may consider evidence outside the complaint when deciding a Rule 12(b)(1) motion); *Vista Food Exch. v. Champion Foodservice, LLC*,

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004      **T** +1.202.739.3000
United States      **F** +1.202.739.3001

Hon. John G. Koeltl, U.S.D.J.
July 30, 2021
Page 2

124 F. Supp. 3d 301, 314–15 (S.D.N.Y. 2015) (same for Rule 12(b)(2) motions). This information is disclosed to any New York resident who attempts to register for and use River's services, and it is made clear on River's website itself.[1] *See Diaz v. Kroger Co.*, 2019 WL 2357531 at *7 n.10 (S.D.N.Y. 2019) (in web access cases, websites are incorporated into the complaint and may be considered).

**Personal Jurisdiction Is Lacking**

Personal jurisdiction exists only where authorized by New York's long-arm statute and consistent with due process. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); N.Y. C.P.L.R. §§ 301–302. The Court lacks both general (all-purpose) jurisdiction and specific (case-linked) jurisdiction over River in this case.

**General Jurisdiction.** A defendant is subject to general jurisdiction only where it is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Save for exceptional circumstances not present here, a corporation like River is at home in its "place of incorporation and [its] principal place of business" only. *Id.* at 137–39 & 154 n.9. For River, those places are Delaware and California, respectively, not New York.

**Specific Jurisdiction.** Under New York's long-arm statute, specific jurisdiction lies only where the plaintiff's claims arise from the defendant's (i) transaction of business in New York; (ii) commission certain torts in or affecting New York; or (iii) ownership of real property in New York. N.Y. C.P.L.R. §§ 302(a)(1)–(4). Plaintiff's claims do not arise out of any of these acts.

- River has never done business with New York residents. Under New York law, an entity cannot engage in virtual-currency business activities without a "BitLicense" from the N.Y. State Department of Financial Services. 23 N.Y.C.R.R. § 200.3. River does not have a BitLicense.[2] Accordingly, and as a matter of express policy, New York residents are not eligible to use River's services, and River's website will not permit New York residents to complete any Bitcoin transaction. Because of these facts, Plaintiff cannot demonstrate that River has transacted business in New York. *See, e.g., Guglielmo v. Neb. Furniture Mart, Inc.*, 2020 WL 7480619, at *8–9 (S.D.N.Y. 2020) (court lacked specific jurisdiction in web accessibility case where New York users could not successfully complete a transaction on the website "by virtue of their residence in New York"); *Diaz*, 2019 WL 2357531, at *7 (court lacked specific jurisdiction in web accessibility case where defendant's website made clear that "'delivery is not available' to any New York state zip code"). "[T]he fact that a plaintiff can access a defendant's website in New York, standing alone, does not constitute transacting business in the state for the purposes of New York's long-arm statute." *Guglielmo*, 2020 WL 7480619, at *8.

- As a matter of law, Plaintiff's "discrimination claims are not torts" for purposes of New York's long-arm statute. *Weerahandi v. Am. Stat. Ass'n*, 2015 WL 5821634, at *4 (S.D.N.Y. 2015) (collecting cases).

---

[1]    *Which states are currently supported by River?*, https://river.com/support/knowledge-base/articles/supported-states. This page is accessed via the "Areas of Availability" link in the site's footer.

[2]    Entities that, unlike River, have obtained a BitLicense are listed at https://www.dfs.ny.gov/apps_and_licensing/virtual_currency_businesses/regulated_entities.

Hon. John G. Koeltl, U.S.D.J.
July 30, 2021
Page 3

- Plaintiff's claims have nothing to do with any real property, and River does not own any real property in New York in any event.

### **Plaintiff Lacks Standing**

If the Court had personal jurisdiction, the action would still need to be dismissed for lack of subject-matter jurisdiction because Plaintiff lacks standing.  Specifically, Plaintiff's asserted injury—the alleged inability to use River's website—is neither concrete nor particularized because Plaintiff's New York residency renders him ineligible for the services offered via the website.  Without any ability to actually use River's services, Plaintiff is indistinguishable "from anyone else who is ineligible for membership and offended by the [alleged] failure to comply with the ADA."  *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834 (7th Cir. 2019); *see id.* (plaintiff who is ineligible for credit union membership lacks standing to sue credit union over allegedly inaccessible website); *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 652–55 (4th Cir. 2019) (same); *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 492 (6th Cir. 2019) (same).

\*        \*        \*

For these reasons, which will be expanded upon in our motion, this action should be dismissed for lack of personal jurisdiction and subject-matter jurisdiction.

Thank you for your time and attention to this matter.

Respectfully submitted,

s/ Stephanie Schuster
Stephanie Schuster

cc: All Counsel of Record